STEVEN E. YOUNG (BAR NO. 63278)
steven.young@ffslaw.com
ARMEN G. MITILIAN (BAR NO. 203191)
armen.mitilian@ffslaw.com
JOYCE H. MA (BAR NO. 274140)
joyce.ma@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Plaintiff and Counter-Defendant
TIMOTHY MORRISON, individually and
derivatively on behalf of PAN-AMERICAN PROPERTIES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIMOTHY MORRISON, individually and derivatively on behalf of PAN-AMERICAN PROPERTIES, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>MAURO SANTOYO, and DOES 1-20,<br><br>Defendants.<br><br>and,<br><br>PAN-AMERICAN PROPERTIES, LLC, a California limited liability company,<br><br>Nominal Defendant.<br><br>MAURO SANTOYO, an Individual,<br><br>Counterclaimant,<br><br>vs.<br><br>TIMOTHY MORRISON, an individual,<br><br>Counterdefendant. | Case No. 2:17-cv-02540-VAP (AGRx)<br><br>**DISCOVERY MATTER**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ISSUANCE OF REQUESTS FOR JUDICIAL ASSISTANCE (LETTERS ROGATORY) UNDER THE HAGUE CONVENTION**<br><br>*[Filed concurrently herewith Notice of Unopposed Motion For Issuance of Requests For Judicial Assistance; Declaration of Joyce H. Ma; [Proposed] Order; and Notice of Lodging of Requests for Judicial Assistance (Letters Rogatory)]*<br><br>Judge:  Hon. Alicia G. Rosenberg<br>Date:  November 7, 2017<br>Time:  10:00 a.m.<br>Ctrm:  B<br><br>Action Filed:  February 6, 2017<br>Trial Date:  August 14, 2018 |

Plaintiff and Counter-Defendant Timothy Morrison, individually and derivatively on behalf of Pan-American Properties, LLC hereby submits his Memorandum of Points and Authorities in Support of his Unopposed Motion for Issuance of Requests for Judicial Assistance (Letters Rogatory) Under the Hague Convention as follows:

## I. STATEMENT OF RELEVANT FACTS

In the 1990s, Plaintiff and Counter-Defendant Timothy Morrison ("Morrison") and Defendant and Counter-Claimant Mauro Santoyo (a citizen and resident of Mexico) ("Santoyo") entered into an oral business agreement to purchase, renovate, and sell high-end residential properties for profit ("Business Agreement"). In 2002, they formed Pan-American Properties, LLC ("Pan-Am") to continue their Business Agreement through a limited liability company. From the inception of the Business Agreement to the present, they purchased and/or renovated approximately eighteen (18) properties.

Disagreements now exist between Morrison and Santoyo regarding the terms, application, and scope of the Business Agreement and Pan-Am's operations.

### A. Disagreement Regarding the Terms and Application of the Business Agreement.

#### 1. Morrison's Contentions.

Morrison contends Santoyo's role in the Business Agreement was to: (i) solely finance the purchase and renovation of the residential properties for 6% annual return on his cash investment; and (ii) take title to the properties. Morrison's role was to: (i) locate prospective properties for purchase; (ii) perform architectural design work; (iii) oversee the renovation process; and (iv) arrange to put the properties on the market for sale. Morrison and Santoyo were to equally split the net proceeds from the sale of each property. [Dk. 1, Complaint, ¶¶ 13, 14, 22, and 23.]

///

Morrison further contends that Santoyo intentionally deviated from the Business Agreement to induce Morrison to perform work, and for Santoyo to disproportionally reap financial gain from the Business Agreement at Morrison's expense. As an illustration, Santoyo induced Morrison to convert a project from a modest renovation into a complete tear-down and rebuild. After the conversion, Santoyo refused and/or failed to adequately finance the project leading to a remarkable eleven (11) year delay in the completion of the project. Despite the delay unilaterally caused by Santoyo, Santoyo now claims he is entitled to receive a 6% *annual* return on his investment for the entire eleven (11) year delay. On the other hand, Pan-Am incurred significant operating and carrying costs during the 11-year delay, including property taxes and maintenance costs, which would not have been necessary but for Santoyo's inexcusable delay in financing the project. [*See* Dk. 1, Complaint, ¶¶ 17-21.]

In another deviation of the Business Agreement, Santoyo caused Pan-Am's accountant to show the entire net gains from a project to be shown only for Morrison (and not as equal net gains between Morrison and Santoyo in Pan-Am). Morrison is informed and believes that this was done for Santoyo to avoid paying higher tax withholdings, as he filed as a non-resident alien. [*See* Dk. 1, Complaint, ¶ 35.] Meanwhile, Santoyo withdrew approximately $21,000,000 from Pan-Am, siphoning Morrison's share of the net profits from Pan-Am. [*See* Dk. 1, Complaint, ¶ 39.]

### 2. Santoyo's Contentions.

Santoyo contends: (i) both he and Morrison would locate prospective properties for purchase; (ii) he and/or Morrison would finance the purchase of the properties; (iii) he or Morrison would take title to the properties; (iv) Morrison would perform/oversee the renovation; (v) Santoyo would finance the renovation; and (vi) each would receive a 6% return on their cash investments. Morrison and Santoyo were to equally split the net proceeds from the sale of the properties. [Dk.

11, Counterclaim, ¶¶ 7, 10, 11.]

Santoyo denies Morrison's contentions above (*see* Dk. 11, Answer, ¶¶ 17-21, 35, and 39), and asserts that Morrison, not he, misappropriated funds from Pan-Am and that Morrison failed to maintain accurate Pan-Am accounting records. [Dk. 11, Counterclaim, ¶¶ 21-24.]

As discussed in greater detail below, Morrison seeks documents and testimony from non-party Guillermo Beguerisse directly related to the above identified disputes.

### B. Disagreement Regarding the Shadow Hill Property.

Among the other issues in this action, Morrison and Santoyo further disagree on whether a certain residential property known as 1270 Shadow Hill Way, Beverly Hills, California 90210 (the "Shadow Hill Property"), purchased and renovated, is subject to the Business Agreement or whether it belongs to Santoyo personally. [Dk. 1, Complaint, ¶¶ 25-31; Dk. 11, Counterclaim, ¶¶ 16-20.]

### C. Non-Party Witness Guillermo Beguerisse.

In his Initial Disclosures, Santoyo identified his private banker, Mr. Beguerisse, as a witness who likely has the following information:

- the Joint Venture (as defined by Plaintiff in his Complaint and referenced in Defendant's Answer);
- the Business Plan (as defined by Defendant in his Counterclaim);
- Santoyo's wire transfers to and from Pan-Am, T.M. Morrison & Associates, Inc. ("TMA"), and/or Morrison;
- Santoyo's and Morrison's communications regarding the Joint Venture, the Business Plan, Pan-Am, Santoyo;
- the Shadow Hill Property;
- the parties' communication regarding the Shadow Hill Property; and
- other events pertaining to the parties' claims, counterclaims, defenses and allegation in this action.

(Declaration of Joyce H. Ma ("Ma Decl."), ¶ 4, p. 17.) *The above encompass the entirety of the issues presented in this litigation.*

Given Santoyo's first-hand knowledge of the scope of Mr. Beguerisse's knowledge and the documents in Mr. Beguerisse's possession as his private banker, it is critical for Morrison to obtain the requested discovery. Notably, Santoyo recognizes the importance of obtaining information from Mr. Beguerisse as he does not object to the relief sought by Plaintiff. (Ma Decl., ¶ , Ex. 3.)

### 1. Information Requested from Mr. Beguerisse.

The documents requested by Morrison are set forth in Attachment A to the Request for Judicial Assistance concurrently lodged with this Motion as **Exhibit A** and incorporated herein by this reference. The topics of oral testimony sought from Mr. Beguerisse are set forth in Attachment B to the Request for Judicial Assistance concurrently lodged with this Motion as **Exhibit B** and incorporated herein by this reference.

All of the information requested is directly related to the categories of information that Santoyo contends Mr. Beguerisse is aware of or is in possession of, which is ultimately relevant to the determination of key issues of this case, including the determination of: (i) the terms of the business agreement; (ii) proper Pan-Am accounting and monetary distributions owed to each party; and (iii) the rightful owner of Shadow Hills Property. Accordingly, Morrison requests that the Letters Rogatory be issued.

## II. ARGUMENT

### A. The Court has Authority to Issue the Letters Rogatory.

Both the United States and Mexico are signatories to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), 23 U.S.T. 2555. *See also* 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or

agency to whom it is addressed and its return in the same manner"); Fed. R. Civ. P. 28(b)(1) ("A deposition may be taken in a foreign country … under an applicable treaty or convention [or] under a letter of request"). "The Convention, as a treaty ratified by and acceded to the United States, is the 'law of this land' with the same force and effect as a federal statute." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 1880381, at *5 (N.D. Cal. 2007) (citations omitted). As a general matter, therefore, transmittal of a Letter of Request by the Central District of California is proper under United States law.

### B. A Letter Rogatory Should Liberally Be Issued Absent Compelling Reason From an Opposing Party.

A Letter Rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, fn.1 (2004). The decision to issue such a letter is within the Court's discretion, *U.S. v. Wedding*, No. 08-2386, 2009 WL 1329146, at *1 (S.D. Cal. May 13, 2009), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rules of Civil Procedure rule 26 (whether the discovery sought is reasonably calculated to lead to the discovery of admissible evidence) and should be issued absent a compelling reason from the opposition. (*DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990).

Mr. Beguerisse is identified as a material witness in Santoyo's Initial Disclosure; Santoyo does not oppose the Motion; and the requested discovery seeks information directly relevant to this action, meeting the liberal standard outlined by *DBMS*.

### C. A Letter Rogatory is Appropriate Under Mexico's Declaration and Reservations Regarding the Hague Evidence Convention.

With respect to pre-trial discovery of documents, Mexico has declared,

"according to Mexican law, it shall only be able to comply with letters of request issued for the purpose of obtaining the production and transcript of documents when the following requirements are met:

    (a) that the judicial proceeding has been commenced;

    (b) that the documents are reasonably identifiable as to date, subject and other relevant information and that the request specifies those facts and circumstances that lead the requesting party to reasonable believe that the requested documents are known to the person from whom they are requested or that they are in his possession or under his control or custody;

    (c) that the direct relationship between the evidence or information sought and the pending proceeding be identified."

Each of the above requirements are met. First, this action commenced on February 6, 2017. Second, the documents requested are easily identifiable as to the subject, date, and scope, with detailed definitions to assist in the location of documents. Further, Morrison identifies Santoyo as the source of his belief that Mr. Beguerisse is in possession of the requested information. Lastly, the information sought is directly related to the key issues of this case: the determination of (i) the terms of the business agreement; (ii) proper Pan-Am accounting and monetary distributions owed to each party; and (iii) the rightful owner of Shadow Hills Property.

### D. Issuance of the Letters Rogatory is Warranted.

Issuance of the Letters Rogatory is warranted because Mr. Beguerisse is believed to have information and documents critical to key issues in this case that Morrison cannot obtain otherwise. (Ma Decl., ¶ 5.) Mr. Beguerisse is Santoyo's private banker in Mexico. (*Id.*) On information and belief, he was involved in transfers of funds to and from Santoyo, on the one hand, and Pan-Am, Morrison, and other relevant third parties, on the other. (*Id.*) Mr. Beguerisse is also believed to have knowledge of the contested terms of the business relationship between the

parties in this action and the income earned by Santoyo from Pan-Am and the Business Agreement. (*Id.*) Mr. Beguerisse is an important witness, and Morrison's discovery with respect to Mr. Beguerisse is necessary. (*Id.*)

### III. CONCLUSION

For the foregoing reasons, Morrison respectfully requests that the Court approve, date, sign, and seal the Letters Rogatory that are the subject of this Motion. After the Court issues the Letters Rogatory, Morrison further requests the Clerk of the Court and the Court authenticate the Court's and/or the Clerk's signatures as necessary, and that the Letters Rogatory be thereafter returned by the Clerk to counsel for Morrison so that they may be translated into Spanish and transmitted to the Appropriate Judicial Authority of Mexico for execution.

DATED: October 17, 2017            FREEMAN, FREEMAN & SMILEY, LLP

By:  */s/ Joyce H. Ma*
STEVEN E. YOUNG
ARMEN G. MITILIAN
JOYCE H. MA
Attorneys for Plaintiff and Counter-Defendant TIMOTHY MORRISON, individually and derivatively on behalf of PAN-AMERICAN PROPERTIES, LLC